Eric H. Gibbs (SBN 178658)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com

Norman E. Siegel (*pro hac vice* forthcoming)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
(816) 714-7100 (tel.)
(816) 714-7101 (fax.)
siegel@stuevesiegel.com

Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
**SAUDER SCHELKOPF LLC**
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Tel.: 888.711.9975
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

DENNIS KEHIAIAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

INTUIT INC.,

Defendant.

Case No. 3:19-cv-2742

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1. **Breach of Contract**
2. **Violation of California's Consumer Legal Remedies Act**
3. **Violation of North Carolina's North Carolina's Unfair and Deceptive Trade Practices Law**

Plaintiff Dennis Kehiaian, individually and on behalf of the classes defined below, makes the following allegations based upon information and belief, except as to allegations specifically pertaining to himself, which are based on personal knowledge.

### INTRODUCTION

1.      TurboTax is a tax preparation software, owned and manufactured by Intuit, that is utilized to file more than 35 million tax returns for American taxpayers every year when filing their income tax returns with both the United States Internal Revenue Service ("IRS") and individual states. One of the main benefits of using TurboTax is the ability to electronically file tax returns. This not only results in convenience at the time of filing, but refunds for electronic filings are processed more quickly than for hard copy filings.

2.      Pursuant to an agreement with the IRS, TurboTax and 11 other tax preparation providers are required to cumulatively offer 70% of U.S. taxpayers the option to file their taxes for free. For the 2018 tax season, any taxpayer whose adjusted gross income is $66,000 or less is eligible to use tax preparation software from one of these providers to prepare and file their tax returns for free.

3.      TurboTax violated its agreement with the IRS by intentionally diverting qualified taxpayers away from its "free filing" program in favor of its paid product offerings. It did this by segregating its "free file" webpage from its primary website and then altering the website's code in order to keep it hidden from search engines like Google so that it would not be easily accessible to qualified taxpayers.

4.      TurboTax also marketed its paid offerings as "Free Guaranteed"—so that qualified taxpayers believed they were filing their taxes pursuant to the free-filing program, only to be hit with unexpected charges after they already spent hours entering information and were getting ready to file.

5.      As a result of this scheme, TurboTax breached its agreement with the government, took advantage of the U.S. public, and generated millions of dollars of ill-gotten gains from persons who least can afford it.

### PARTIES

6.      Plaintiff Dennis Kehiaian is a resident and citizen of Clarkton, North Carolina who paid to file his 2018 tax returns using TurboTax despite qualifying for the IRS free filing program.

CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-2742

7.     Defendant Intuit Inc. ("Intuit" or "TurboTax") is headquartered in Mountain View, California, and incorporated under the laws of the State of Delaware. Intuit markets, sells and operates TurboTax, a tax preparation and filing software product and service.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because Plaintiff and Defendant are citizens of different States. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, transacts business in this District, and its principal place of business is located in this District. Likewise, Defendant's terms of service contain a venue provision stating that "you and Intuit agree to the exclusive jurisdiction of state courts in Santa Clara County, California U.S.A. or federal court for the Northern District of California."

10.     This court has personal jurisdiction over Defendant because it has conducted substantial business in this District, and intentionally and purposefully placed its tax preparation software into the stream of commerce within the Districts of California and throughout the United States. Additionally, Defendant's corporate headquarters are located within this District in Mountain View, California.

## INTRADISTRICT ASSIGNMENT

11.     Assignment is proper to the San Jose division of this District under Local Rule 3-2(c)-(e) as a substantial part of the events or omissions which give rise this claim occurred in Santa Clara County.

## ALLEGATIONS

12.     Intuit Inc. is a business and financial software company that develops and sells financial, accounting, and tax preparation software including TurboTax, QuickBooks, and Mint. Its flagship product, TurboTax, is a leading tax preparation software that provides step-by-step guidance for filling out state and federal tax returns and permits users to electronically file their tax returns using a computer or other mobile device. Intuit had revenues of more than $6.2 billion for the 12-month period ending on January 31, 2019.

CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-2742

13.     In October 2002, a consortium of tax preparation providers led by TurboTax known as the "Free File Alliance" entered into a three-year agreement with the IRS to offer free online tax preparation and filing services to taxpayers "least able to afford the electronic filing of their tax returns."

14.     That agreement was entered into for the express benefit of low-income taxpayers. It has been extended multiple times through the years, most recently in October 2018. It is entitled the "Eighth Memorandum of Understanding on Service Standards and Disputes between the Internal Revenue Service and Free File, Incorporated" and extends the parties' agreement through October 31, 2021 (the "IRS Free-Filing Agreement").[1]

15.     In exchange for a commitment to provide free filing options "to economically disadvantaged and underserved populations"—the federal government "pledged to not enter the tax preparation software and e-filing services marketplace." This commitment from the government protects the viability of the commercial tax preparers' business model by ensuring they can always charge a significant portion of the U.S. population fees for their services.

16.     In fact, TurboTax and its competitors have spent millions of dollars lobbying *against* the IRS creating its own free tax filing system, as well as pushing Congress to codify the IRS Free-Filing Agreement to ensure that a free government-sponsored program cannot ever threaten the industry's profits.

17.     The IRS Free-Filing Agreement provides that members of the Free File Alliance[2] must cumulatively offer 70% of U.S. taxpayers – or approximately 100 million people – the option to file their taxes for free. For the 2018 tax season, any taxpayer whose adjusted gross income is $66,000 or

---

[1] *IRS Free-Filing Agreement*, https://www.irs.gov/pub/irs-utl/Eight%20Free%20File%20MOU.pdf (last accessed May 11, 2019).
[2] The tax preparation companies currently participating in the Free File Alliance and bound by the IRS Free-Filing Agreement include: TurboTax, H&R Block, TaxAct, eSmart, 1040NOW.net, FileYourTax.com, FreeTaxReturns.com, FreeTaxUSA, OLT.com, TaxSlayer, exTaxReturn.com, and 1040.com.

less is eligible to use tax preparation software from one of these providers to prepare and file tax forms for free, although each provider sets its own eligibility requirements.

18.     Because TurboTax is the market leader and has more volume than its competitors, its eligibility requirements are more stringent. Accordingly, TurboTax permits free state and federal filings for any U.S. taxpayer who (a) has an adjusted gross income under $34,000; (b) is eligible for the Earned Income Tax Credit; or (c) is an active military member with an adjusted gross income of $66,000 or less.[3]

19.     But while 70% of U.S. taxpayers are eligible to file for free, *less than 2.5% of eligible taxpayers actually utilize the program*. The reason for this stark discrepancy is due in no small part to an array of deceptive practices employed by TurboTax (and its competitors) to prevent lower-income taxpayers from utilizing the program in favor of its paid product offerings.

20.     For example, TurboTax's actual free product is referred to as TurboTax "Freedom Edition" – which enables users eligible to complete and e-file their federal tax returns for free in accordance with the IRS Free File program, no matter how many state or federal forms are required to file. Yet – and as but one example of TurboTax's deceptive practices – TurboTax also offers a different "free" online tax product bearing a similar name: TurboTax "Free Edition." Despite being heavily marketed, the TurboTax Free Edition is not associated with the IRS Free File program and is a basic software offering that supports only the simplest of tax returns, wherein most users (who would otherwise be eligible for free filing under the IRS Free-Filing Agreement) are forced to pay to file their returns.

21.     On April 22, 2019, *ProPublica*, a non-profit organization focused on investigative journalism, released its first in a series of articles about the effect of TurboTax's deceptive business practices entitled "*Here's How TurboTax Just Tricked You Into Paying to File Your Taxes*."[4]

---

[3] *IRS Free File Software Offers*, https://apps.irs.gov/app/freeFile/ (last accessed May 11, 2019).
[4] Justin Elliott and Lucas Waldron, *Here's How TurboTax Just Tricked You Into Paying to File Your Taxes*, PROPUBLICA (April 22, 2019), https://www.propublica.org/article/turbotax-just-tricked-you-into-paying-to-file-your-taxes (last accessed May 11, 2019).

4

CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-2742

22.   The authors first searched "irs free file taxes" on Google and the first four hits directed them to websites operated by members of the Free File Alliance.



23.   The very first link was an ad paid for by TurboTax that used the word "free" five times and linked to TurboTax's homepage where TurboTax represented that customers' filings would be free *guaranteed*: "$0 Fed. $0 State. $0 To File. Easily and accurately file your simple tax returns for FREE."



24. The authors then clicked on the link and began the process of filing returns for U.S. taxpayers who made under $34,000 and would have otherwise qualified for the IRS free filing program and satisfied TurboTax's eligibility requirements.[5]

25. For example, the authors created a profile for a house cleaner who made $29,000. After entering information and answering more than a dozen questions about her finances, the house cleaner was informed that he would have to pay $119.99 to file because his income was derived as an independent contractor.[6]



26. The authors then attempted a second scenario whereby they returned to TurboTax.com and clicked on "Free Guaranteed"—again going through the process as a pharmacy cashier without health insurance. After entering sensitive personal information, the cashier was informed that he would

---

[5] *Id.*
[6] *Id.*

have to pay $59.99 to file his taxes because there is an extra form if the taxpayer does not have health insurance.

To accurately complete your taxes,
you need to upgrade to **TurboTax Deluxe**

Why do I need to upgrade?

**You have Schedule 4, Other Taxes,** and that's just one of the reasons the IRS requires you to file Form 1040.

TurboTax Free Edition does not cover this situation

27.    As recognized by the authors, the IRS Free-Filing Agreement does not parse qualifying participants based on what forms they have to submit, meaning these taxpayers should not have been charged anything to complete the process.

28.    In further examining this issue, the authors noted: "So how did we end up with a product that would make us pay? We took a close look at the source code of the TurboTax website and noticed something strange. Even though we clicked on the 'FREE Guaranteed' option and met all the requirements to file for free, the company had tagged us as a potential paying customer. In the source code, TurboTax had branded us as 'NONFFA.' That stands for 'Non Free File Alliance.' In other words, we were not on track to file for free after all. Here's what it looks like behind the curtain"[7]:

```
ch: /personal—taxes/online/
cc: USD
c2: 2019-04-12T17:44:20.316Z
c5: NONFFA
c6: TT.com
c7: TTCamp
c9: 582c1659—f678-4316—a059-29ee9324cf4c
c14: performance|domComplete
```

---

[7] *Id.*

29.     Consequently, even though TurboTax knew these taxpayers qualified for free filing, they were never on track to file for free. The reason for this is that TurboTax's actual free filing version (the "Freedom Edition") *is not even available* through its primary website – a fact TurboTax itself admits (highlighting added):



30.     Indeed, on TurboTax's main website, under its "Products & Pricing Page," only "Free Edition," "Deluxe," "Premier," and "Self-Employed" products are listed,[8] but "Freedom Edition" is nowhere to be found.

31.     Following publication of the initial article, *ProPublica* published a follow-up article entitled "*Here Are Your Stories of Being Tricked Into Paying by TurboTax. You Often Need the Money*" describing the stories of dozens of individuals who could not file their taxes for free via TurboTax even though they were eligible to do so.[9]

---

[8] *Intuit TurboTax Products and Pricing*, https://turbotax.intuit.com/personal-taxes/online/ (last accessed May 11, 2019).
[9] Ariana Tobin, Justin Elliott and Meg Marco, *Here Are Your Stories of Being Tricked Into Paying by TurboTax. You Often Need the Money*, PROPUBLICA (April 26, 2019), https://www.propublica.org/article/here-are-your-stories-of-being-tricked-into-paying-by-turbotax-you-often-need-the-money (last accessed May 11, 2019).

CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-2742

32.     For example, one taxpayer was unemployed and recovering from chemotherapy, while her husband was diagnosed with Parkinson's disease and only works part time. She was charged almost $200 by TurboTax while earning less than $33,000—money that could have helped pay the rent. Numerous others had similar stories.[10]

33.     On April 26, 2019, *ProPublica* published an additional article entitled "*TurboTax Deliberately Hid Its Free File Page From Search Engines*" that walked through how TurboTax deliberately hid its truly free "Freedom Edition" product from search engine results.[11] Specifically, Intuit altered the code on its website to tell search engines like Google not to list its free filing webpage.

34.     From at least January through April 27, 2019, TurboTax's Free File site included in its coding the phrase "noindex,nofollow" which instructed the website not to show up in search engine results.



35.     By contrast, the website with TurboTax's paid offerings, TurboTax.com, included the coding "index,follow" – ensuring it *would* be picked up by search engines like Google.



---

[10] *See id*.
[11] Justin Elliott, *TurboTax Deliberately Hid Its Free File Page From Search Engines*, PROPUBLICA (April 26, 2019), https://www.propublica.org/article/turbotax-deliberately-hides-its-free-file-page-from-search-engines (last accessed May 11, 2019).

CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-2742

36.     The *ProPublica* authors also discovered that TurboTax's primary competitor, H&R Block, engaged in similar tactics to hide its free filing website from search engines,[12] and published internal guidance from H&R Block explicitly instructing its customer service staff to direct customers to its paid offerings, regardless of whether they qualify for the free filing program. "Do not send clients to this Web Site unless they are specifically calling about the Free File program," the guidance states, referring to the website with H&R Block's free option. "We want to send users to our paid products before the free product, if at all possible."[13]

37.     As a result of these deceptive tactics by industry participants, only a tiny fraction of eligible taxpayers have taken advantage of the IRS Free File program. While more than 100 million taxpayers were eligible to file for free through the Free File program in fiscal year 2018, fewer than 2.5 million—less than 2.5% of eligible taxpayers—actually did so. Given this abysmal participation rate, the national taxpayer advocate recently said that the IRS free filing program "is failing to achieve its objectives and should be substantially improved or eliminated."[14]

38.     Equally troubling, TurboTax has refused to take responsibility for its actions. On May 9, 2019, *ProPublica* published another follow-up article entitled "*Listen to TurboTax Lie to Get Out of Refunding Overcharged Customers*" tracking how 16 qualified free-file taxpayers sought refunds from TurboTax but were told by TurboTax representatives that the truly free version – Freedom Edition – is a government product that is not run by TurboTax.[15] Ten other people reported being told by TurboTax representatives that *ProPublica's* stories were inaccurate, or that its coverage is "fake news" or "fictitious."

---

[12] *Id.*

[13] Justin Elliott and Paul Kiel, *TurboTax and H&R Block Saw Free Tax Filing as a Threat — and Gutted It*, PROPUBLICA (May 2, 2019), https://www.propublica.org/article/intuit-turbotax-h-r-block-gutted-free-tax-filing-internal-memo (last accessed May 11, 2019).

[14] Justin Elliott and Lucas Waldron, *Here's How TurboTax Just Tricked You Into Paying to File Your Taxes*, PROPUBLICA (April 22, 2019), https://www.propublica.org/article/turbotax-just-tricked-you-into-paying-to-file-your-taxes (last accessed May 11, 2019).

[15] Justin Elliott and Meg Marco, *Listen to TurboTax Lie to Get Out of Refunding Overcharged Customers*, PROPUBLICA (May 9, 2019), https://www.propublica.org/article/listen-to-turbotax-lie-to-get-out-of-refunding-overcharged-customers (last accessed May 11, 2019).

CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-2742

39.     TurboTax's representations are completely inconsistent with its obligations under the IRS Free-Filing Agreement. Section 2 of the Agreement states that "the IRS and FFI (previously Free File Alliance or Alliance) agree that to serve the greater good and ensure the long-term stability of FFI, the scope of this program is focused on covering the taxpayers least able to afford e-filing their returns on their own." It further provides that "the federal government has pledged to not enter the tax preparation software and e-filing services marketplace" in consideration for the FFI's agreement to "cover[] the taxpayers least able to afford e-filing their returns on their own."

40.     Pursuant to the IRS Free-Filing Agreement, TurboTax had numerous obligations in furtherance of its duties, a selection of which include:

§ 2. [Free File] Members shall work in concert with the IRS to increase electronic filing of tax returns, which includes extending the benefits of online federal tax preparation and electronic filing to economically disadvantaged and underserved populations at no cost to either the individual user or to the public treasury. Further, the IRS and FFI (previously Free File Alliance or Alliance) agree that to serve the greater good and ensure the long-term stability of FFI, the scope of this program is focused on covering the taxpayers least able to afford e-filing their returns on their own. In recognition of this commitment, the federal government has pledged to not enter the tax preparation software and e-filing services marketplace. Members shall also:

§ 2.1. Make tax return preparation easier and reduce the burden on individual taxpayers, particularly the economically disadvantaged and underserved populations[.]

[…]

§ 2.3. Provide greater service and access to the Services to taxpayers[.]

§ 4.15.14. [Free File] Members must clearly list their free customer service options. This disclosure must be available on the Member's Free File Landing Page (or such page must have a clear and prominent link to such disclosures directly from this page). [Free File] Members must provide taxpayers a free electronic method to obtain a copy and learn the status of their electronically filed tax return.

§ 4.19.2. Ineligibility Notification. Free File Member programs must unequivocally inform taxpayers who are ineligible for the free offer at the earliest feasible point:

(i)     That they are ineligible for the Free File offer, and

(ii)    The reason that they are not eligible for the offer, and

(iii)   The taxpayer shall be directed back to the IRS Free File Landing Page as the first and most prominent alternative action so that they may immediately consider other Free File offers available from the Free File Program, and

(iv)   The disqualification practice of each Member must adhere to the standard messaging, language and formatting guidance to be provided by FFI in consultation with the IRS.

(v)   The taxpayer next may be offered a free alternative for completion of their return, provided that the taxpayer is covered by the Program limit of being among the lowest 70 percent of taxpayers.

(vi)   The taxpayer would next be offered the option to continue on the Free File Member's site and pay a fee - which is fully disclosed - to file their federal and/or state return.

41.   TurboTax breached these provisions and others by engaging in the deceptive and misleading practices described herein. Indeed, TurboTax has gone to great lengths to protect the viability of its business by eliminating the threat of a free government-sponsored program that would drastically threaten the industry's profits, while at the same time actively disclaiming its obligations under the IRS Free-Filing Agreement in order to maximize its own profits at the expense of the country's most vulnerable citizens.

### FACTS AS TO PLAINTIFF

42.   Plaintiff Kehiaian is a retired police officer who supports himself with a pension, with income below $34,000 per year. He therefore qualified for the IRS free file program and is an intended beneficiary of the IRS Free-Filing Agreement. After preparing his taxes using a purportedly free version of TurboTax, Plaintiff understood that he was filing for free and would be receiving a refund of approximately $337.00.

43.   However, when Plaintiff Kehiaian completed the filing process, he received the following notification from Defendant: "Applicable fees were deducted from your original refund amount of $337.00. Your refund is now $172.03. . . . [Y]ou chose to have your TurboTax fees deducted from your refund."

44.   In fact, Plaintiff did not choose to have any fees deducted from his refund.

### CLASS ACTION ALLEGATIONS

12

45.     Description of the Class: Plaintiff brings this class action on behalf of themselves and other similarly situated individuals. Pursuant to Federal Rules of Civil Procedure 23(b)(2), (b)(3) and (c)(4), as applicable, Plaintiff seeks certification of the following classes of individuals:

> All residents of the United States who qualified to file their taxes for free pursuant to the IRS Free-Filing Program for the 2018 tax season and satisfied TurboTax's eligibility requirements but nevertheless were charged by TurboTax a sum of money to file their tax returns (the "Nationwide Class").

> All residents of North Carolina who qualified to file their taxes for free pursuant to the IRS Free-Filing Program for the 2018 tax season and satisfied TurboTax's eligibility requirements but nevertheless were charged by TurboTax a sum of money to file their tax returns (the "North Carolina Subclass").

46.     Excluded from the classes are Defendant's officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns. Also excluded from the classes are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

47.     Numerosity: The proposed classes are so numerous that individual joinder of all members is impracticable.

48.     Common Questions of Law and Fact Predominate: There are many questions of law and fact common to Plaintiff and members of the classes, and those questions substantially predominate over any questions that may affect individual class members. Common questions of law and fact include:

a.     Whether Plaintiff is a third-party beneficiary to the IRS Free-Filing Agreement;

b.     Whether TurboTax breached its obligations under the IRS Free-Filing Agreement;

c.     Whether Plaintiff and members of the classes suffered injury, including ascertainable losses, as a result of TurboTax's breach of the IRS Free-Filing Agreement;

d.     Whether TurboTax's conduct constituted unfair and deceptive trade practices actionable under applicable consumer protection laws;

13

CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-2742

e.    Whether Plaintiff and members of the classes are entitled to recover actual damages and/or statutory damages; and

f.    Whether Plaintiff and members of the classes are entitled to equitable relief, including injunctive relief and restitution.

49.    All members of the proposed classes are ascertainable by objective criteria. TurboTax has access to addresses and other contact information for members of the classes, which can be used for providing notice to many class members.

50.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the proposed classes. Plaintiff and all members of the classes have been similarly affected by the actions of Defendant.

51.    <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of members of the classes. Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiff and counsel are committed to vigorously prosecuting this action on behalf of class members, and have the financial resources to do so.

52.    <u>Superiority of Class Action</u>: Plaintiff and the members of the classes suffered, and will continue to suffer, harm as a result of Defendant's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the classes is impractical. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the class members.

## CHOICE OF LAW ALLEGATIONS

53.    Under either a contractual choice-of-law or governmental interests analysis, California law applies to the claims of the Nationwide Class.

54. Defendant's terms of service include a contractual choice-of-law provision stating that: "California state law governs this Agreement without regard to its conflicts of law provisions." Although such terms of service also include an arbitration provision and class action waiver provision, TurboTax's enforcement of such provisions is against public policy as it would prohibit thousands of U.S. taxpayers from seeking relief they are entitled to as third-party beneficiaries of the IRS Free Filing Agreement.

55. Additionally, the State of California has sufficient contacts to the conduct alleged herein that California law may be uniformly applied to the claims of the proposed Nationwide Class.

56. Defendant does substantial business in California; its headquarters is located in California; and a significant portion of the proposed Nationwide Class is located in California.

57. In addition, the conduct that forms the basis for each and every Class Member's claims against Defendant emanated from Defendant's U.S. headquarters in Mountain View, California, where—on information and belief—Defendant received customer complaints, planned its communications with Class Members, and set its compliance policies and practices.

58. The State of California also has the greatest interest in applying its law to Class Members' claims. Its governmental interests include not only an interest in compensating resident consumers under its consumer protection laws, but also what the State has characterized as a "compelling" interest in using its laws to regulate a resident corporation and preserve a business climate free of fraud and deceptive practices. *Diamond Multimedia Sys. v. Sup. Ct.*, 19 Cal. 4th 1036, 1064 (1999).

59. If other states' laws were applied to class members' claims, California's interest in discouraging resident corporations from engaging in the sort of unfair and deceptive practices alleged in this complaint would be significantly impaired. California could not effectively regulate a company like Defendant, which does business throughout the United States, if it can only ensure that consumers from one of the fifty states affected by conduct that runs afoul of its laws are compensated.

## COUNT I

### Breach of Contract

### (*On Behalf of Plaintiff and the Nationwide Class*)

60. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

61. Plaintiff brings this cause of action on behalf of himself and the Nationwide Class.

62. The IRS Free-Filing Agreement is an agreement between the IRS and the FFI, of which TurboTax is a member.

63. The IRS Free-Filing Agreement was entered into for the express benefit of low-income taxpayers.

64. Plaintiff and members of the Nationwide Class are third-party beneficiaries to the IRS Free-Filing Agreement.

65. TurboTax breached its agreement with the IRS and its duties and obligations to Plaintiff and members of the Nationwide Class as third-party beneficiaries by:

    a. Failing to comply with Section 2.1, which requires TurboTax to "[m]ake tax return preparation easier and reduce the burden on individual taxpayers, particularly the economically disadvantaged and underserved populations;"

    b. Failing to comply with Section 2.3, which requires TurboTax to "[p]rovide greater service and access to the Services to taxpayers," with "Services" being defined in Section 1.13 as "free, online tax return preparation and Filing of Federal individual income tax returns;"

    c. Failing to comply with Section 4.15.14 of the Agreement, which requires TurboTax to "clearly list [its] free customer service options;" and

    d. Failing to comply with Section 4.19.2 of the Agreement, which requires TurboTax to "unequivocally inform taxpayers who are ineligible for the free offer at the earliest feasible point" and that the "taxpayer shall be directed back to the IRS Free File Landing Page as the first and most prominent alternative action so that they may immediately consider other Free File offers available from the Free File Program."

66. Plaintiff and members of the Nationwide Class have been damaged by TurboTax's breach of its contractual obligations because they qualified for free filing under the IRS Free-Filing Agreement but were required by TurboTax to pay to file their returns.

67. Plaintiff individually and on behalf of the Nationwide Class seek recovery for damages, equitable relief, and injunctive relief requiring TurboTax to comply with its contractual obligations.

CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-2742

## COUNT II

**California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750,** *et seq.*

**(*On Behalf of Plaintiff and the Nationwide Class*)**

68.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

69.     Plaintiff brings this cause of action on behalf of themselves and the Nationwide Class.

70.     The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA") is a comprehensive statutory scheme that is to be liberally construed to protect consumers against unfair and deceptive business practices in connection with the conduct of businesses providing goods, property or services to consumers primarily for personal, family, or household use.

71.     Defendant is a "person" as defined by Civil Code §§ 1761(c) and 1770, and has provided "services" as defined by Civil Code §§ 1761(b) and 1770.

72.     Plaintiff and members of the Nationwide Class are "consumers" as defined by Civil Code §§ 1761(d) and 1770, and have engaged in a "transaction" as defined by Civil Code §§ 1761(e) and 1770.

73.     Defendant's acts and practices were intended to and did result in the sales of products and services to Plaintiff and members of the Nationwide Class in violation of Civil Code § 1770, including:

      a.     Representing that goods or services have characteristics that they do not have;

      b.     Representing that goods or services are of a particular standard, quality, or grade when they are not; and

      c.     Advertising goods or services with intent not to sell them as advertised.

74.     Defendant's representations and omissions were material because they were likely to deceive reasonable consumers who were eligible for Free File into using and paying for TurboTax's paid products.

75.     Had Defendant not misled Plaintiff and members of the Nationwide Class, they would not have paid to use TurboTax products.

76.     As a direct and proximate result of Defendant's violations of California Civil Code § 1770, Plaintiff and members of the Nationwide Class have suffered injury and ascertainable losses of money or property through payment for TurboTax's products when, in fact, they were eligible for Free File.

77.     Concurrent with the filing of this complaint, Plaintiff has provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a) and currently seeks injunctive relief under the CLRA. Plaintiff reserves the right to amend this Complaint to seek monetary damages under the CLRA pursuant to California Civil Code § 1782(d)

78.     Plaintiff and members of the Nationwide Class seek an order enjoining the acts and practices described above and reasonable attorneys' fees and costs under the CLRA.

## COUNT III

### California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

### (*On Behalf of Plaintiff and the Nationwide Class*)

79.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

80.     Plaintiff brings this cause of action on behalf of themselves and the Nationwide Class.

81.     Defendant is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

82.     Defendant violated Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL") by engaging in unfair and deceptive business acts and practices.

83.     Through the actions alleged herein, Defendant has engaged, and continues to engage, in unfair, fraudulent, and deceptive business practices in violation of the UCL.

84.     Defendant has engaged in unfair business acts and practices by taking actions to reduce public awareness of and access to TurboTax "Freedom Edition." As alleged, the gravity of harm to Plaintiff and the proposed Nationwide Class from Defendant's acts and practices far outweighs any legitimate utility of that conduct; Defendant's conduct is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the proposed Nationwide Class; and Defendant's conduct undermines or violates the stated policies underlying the Consumers Legal Remedies Act—to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace.

85.     Defendant has also engaged in fraudulent and deceptive acts and practices by making misrepresentations likely to deceive reasonable consumers, including employing deceptive and manipulative marketing and product design schemes.  These actions violate the terms and spirit of the

IRS Free-Filing Agreement and undermine the public policy goals of the free file program, to the detriment of low-income taxpayers, the third-party beneficiaries to the Agreement.

86.     Defendant's unfair, fraudulent, and deceptive business acts and practices include, but are not limited to:

a.     Adding code to its TurboTax Free File Website that prevents it from appearing in online search results, rendering the site non-discoverable by consumers searching on Google or other search engines;

b.     Upon information and belief, associating its Google Search Ads for its paid products with keywords likely to be used by consumers searching for the IRS Free File program;

c.     Not providing an option for users to navigate directly from the TurboTax Main Website to the TurboTax Free File Website;

d.     Deliberately choosing not to inform TurboTax customers of Intuit's Free File product, TurboTax "Freedom Edition," even after customers share information with Intuit indicating their eligibility for it;

e.     Intentionally obscuring and failing to disclose the differences between TurboTax "Free Edition" and Intuit's Free File product, TurboTax "Freedom Edition," knowing that reasonable consumers are likely to confuse these two products with nearly identical names;

f.     Misrepresenting to consumers that TurboTax "Free Edition," "Deluxe," "Premiere," and "Self-Employed" are the only TurboTax online products, when in fact TurboTax "Freedom Edition" is a fifth product offering;

g.     Misrepresenting to Free File-eligible consumers that a particular paid product is the best product for them;

h.     Misrepresenting to free file-eligible consumers who enter tax information unsupported by TurboTax "Free Edition" that they will need to upgrade to complete and file their return;

i.   Advertising "FREE Guaranteed" tax filing services when in fact only a small percentage of consumers are able to complete their tax returns for free on the TurboTax primary website;

j.   Heavily marketing TurboTax "Free Edition" in a manner that makes it likely to be confused with TurboTax's "Freedom Edition;" and

k.   Requiring consumers to invest substantial time and effort inputting their tax return information through the TurboTax "Free Edition" software before alerting them that they cannot complete their returns using "Free Edition," and then manipulating them into paying for various product upgrades.

87.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers who were eligible for Free File into using and paying for TurboTax's paid products.

88.   As a direct and proximate result of Defendant's unfair and fraudulent acts and practices, Plaintiff and members of the Nationwide Class were injured and lost money or property, including the amounts paid to TurboTax or deducted from their returns as part of the filing process.

89.   Defendant acted intentionally, knowingly, and maliciously to violate California's Unfair Competition Law, and recklessly disregarded the rights of Plaintiff and members of the Nationwide Class.

90.   Plaintiff and members of the Nationwide Class seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Intuit's unfair and fraudulent business practices; declaratory relief; reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5; injunctive relief; and other appropriate equitable relief.

## COUNT IV

**NORTH CAROLINIA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, N.C. GEN. STAT. §§ 75-1.1, *et seq.***

***(On Behalf of Plaintiff and the North Carolina Subclass)***

91.   Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-2742

92.     North Carolina's Unfair and Deceptive Trade Practices Act, N.C. GEN. STAT. §§ 75-1.1, *et seq.* ("NCUDTPA"), prohibits a person from engaging in "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce[.]" The NCUDTPA provides a private right of action for any person injured "by reason of any act or thing done by any other person, firm or corporation in violation of" the NCUDTPA. N.C. GEN. STAT. § 75-16.

93.     Defendant's acts and practices complained of herein were performed in the course of its trade or business and thus occurred in or affected "commerce," which includes its development of tax preparation and filing software as defined in N.C. GEN. STAT. § 75-1.1(b).

94.     In the course of Defendant's business, it knowingly failed to disclose and actively concealed material facts from customers, in particular inducing consumers to use its tax preparation software to prepare and file their taxes which they otherwise would not have and to pay for such services for which they should not have had to pay.  Plaintiff and Class members have incurred costs for fees imposed on them by Defendant either in the form of a diminished tax refund or as part of the filing process.

95.     Plaintiff and members of the Class relied upon Defendant's false and misleading representations and omissions in deciding whether to use its tax preparation software.

96.     Defendant's conduct proximately caused injuries to Plaintiff and the Class.

97.     Plaintiff and the other Class members were injured as a result of Defendant's conduct in that Plaintiff and the other Class members paid for tax preparation and filing which they were entitled to receive at no cost These injuries are the direct and natural consequence of Defendant's misrepresentations and omissions.

98.     Plaintiff, individually and on behalf of the other Class members, seeks treble damages pursuant to N.C. GEN. STAT. § 75-16, and an award of attorneys' fees pursuant to N.C. GEN. STAT. § 75-16.1.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed classes, respecfully request that this Court:

a.  Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2), (b)(3), and/or (c)(4);

b.  Appoint Plaintiff as Class Representative and his counsel as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g);

c.  Find Defendant's conduct was unlawful as alleged herein;

d.  Enjoin Defendant from engaging in further unlawful conduct as alleged herein;

e.  Award Plaintiff and the class members nominal, actual, compensatory, consequential, and punitive damages, except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

f.  Award Plaintiff and class members statutory damages and penalties, as allowed by law;

g.  Award Plaintiff and class members pre-judgment and post-judgment interest;

h.  Award Plaintiff and class members reasonable attorneys' fees, costs, and expenses; and

i.  Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and members of the proposed classes demand a trial by jury.

Dated: May 20, 2019

Respectfully submitted,

By:   /s/ *Eric H. Gibbs*

Eric H. Gibbs (SBN 178658)
Aaron Blumenthal (SBN 310605)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
ab@classlawgroup.com

Norman E. Siegel (*pro hac vice* forthcoming)
J. Austin Moore (*pro hac vice* forthcoming)
Jillian R. Dent (*pro hac vice* forthcoming)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112

CLASS ACTION COMPLAINT
CASE NO. 3:19-cv-2742

(816) 714-7100 (tel.)
(816) 714-7101 (fax.)
siegel@stuevesiegel.com
moore@stuevesiegel.com
dent@stuevesiegel.com

Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
**SAUDER SCHELKOPF LLC**
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Tel.: 888.711.9975
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com

*Attorneys for Plaintiff and the Class*